GATY, CUNE and GLASBY, appellants, *vs.* CHARLES PITTMAN, appellee.

*Appeal from St. Clair.*

A recorded deed will take priority of an attachment, levied before the deed was recorded, if a notice of the levy of the attachment was not filed with the recorder.

The Court will not presume that the sheriff had performed his duty, by filing the proper certificate of an attachment with the recorder. That is a fact to be proved.

This was an action of ejectment, commenced at May term, 1845, by Gaty and others *vs.* Bagaw. The first trial resulted in a verdict for plaintiffs, and a judgment. The defendant, under the statute, set the judgment aside.

There was a second trial at the May term, 1846, which resulted in a verdict for the defendant. The plaintiffs, under the statute, set aside the verdict, and a new trial was had at the April term, 1848, which resulted in a verdict for plaintiffs. At a former term Pittman, the present defendant, was substituted for Bagaw. From the latter judgment defendant appealed. The Supreme Court reversed that judgment, remanded the case, and a new trial was had, at September term, 1849, before Underwood, Judge, and a jury, and verdict and judgment for the defendant.

A motion for a new trial was made and overruled. The plaintiffs then appealed.

Upon the trial it was admitted by both parties that the title to the land in question was on the 22d day of December, 1841, in one John Berry Meacham; both parties claiming under him.

Plaintiffs showed in evidence, two attachments levied on said lands, on 31st December, 1841; also two judgments upon said attachment suits, with award of special executions on the land attached; two special executions, certificate of purchase thereunder by Glasby, and assignment by him to plaintiffs; and sheriff's deed to plaintiffs, for the lands in question.

The plaintiffs proved possession of Bagaw, at the commencement of the suit.

Defendant then read in evidence a deed from Meacham to him, dated 22d December, 1841, acknowledged the 26th of the same month, and *recorded* on the 20th of January following. He also introduced some testimony, tending to show that the transaction was *bona fide.*

G. KŒRNER, for appellant.

G. TRUMBULL, for appellee.

Opinion by Mr. Justice CATON:

This was an action of ejectment, and it was agreed upon the trial, that the title to the premises in question was, on the 21st December, 1841, in one Meacham, from whom both parties claimed title.

The plaintiffs showed the levy of an attachment from the Circuit Court upon the premises in question, on the 31st of December, 1841, and a judgment, execution, sale and sheriff's deed, all in due time; and after proving the possession, rested their case, without having shown that the sheriff, who levied the attachment, had filed a certificate thereof, with the recorder, as is required by sec. 25, chap. 57 of Revised Statutes; which is a copy of the law in force at that time.

The defendant then introduced a deed for the premises, dated on the 22d, and acknowledged on the 26th of December, 1841, and recorded on the 20th of January, 1842. He also introduced evidence, with the view of charging the attaching creditors with notice of his conveyance, before the service of the attachment. And the plaintiffs examined witnesses in order to prove that the conveyance from Meacham to Pittman was fraudulent. The jury returned a verdict of not guilty, which the plaintiffs moved to set aside; because it was against the evidence, and for misdirection of the judge. Which motion was overruled, of which they now complain, as well as of error in the instruction.

It is unnecessary for us to enquire, whether the evidence is sufficient to charge the attaching creditors with notice of the conveyance to the defendant; for although he neglected to get his deed recorded, until after the levy of the attachment, the notice of the levy does not appear to have ever been filed with the recorder; hence the deed must necessarily take priority. Until the notice of the levy was filed with the recorder, no one was bound to take notice of it, nor could it affect the defendant's title.

To obviate this difficulty, the plaintiffs' counsel asked the Court to instruct the jury, in effect, that they should presume that the sheriff had performed his duty in that respect, by filing the certificate. Which instruction the Court very properly declined giving.

That was a fact to be proved, and which could not be presumed, in the absence of proof; and the statute above referred to expressly provides that, "*from and after* filing the same, [the notice,] such levy shall take effect as to creditors, and *bona fide* purchasers without notice, and *not before.*" So far as appears, before such certificate was filed, the defendant's deed was recorded; which secured the priority of his title, and imposed upon the plaintiffs the necessity of proving notice upon the defendant of the service of the attachment, before the attaching creditors were chargeable with notice of his deed.

The only remaining enquiry of serious moment is, whether the evidence was of such a character as made it incumbent on the jury, to find that the defendant's deed was fraudulent. After a careful examination of the evidence, we cannot say that the verdict of the jury should be disturbed, because they have found that that conveyance was *bona fide.* We abstain from a review of that evidence, for the reason that the case may possibly be submitted to another jury. In which event, it is desirable that the evidence should go before the jury uninfluenced by any comment of ours upon it.

Whether the Circuit Court may give the party another trial under the statute, we intimate no opinion. That is a question which, if presented, that Court must determine for itself.

Nor do we find that the Circuit Court committed any error in giving or refusing instructions. They are voluminous, and as they present plain propositions of law, we do not think it necessary to examine them at length.

The judgment of the Circuit Court is affirmed, with costs. The record is remanded to the Court below; with leave to the plaintiffs to move for a new trial, if they shall be so advised.

*Judgment affirmed, but remanded.*