Young et al. *v.* Ward.

WILLIAM H. YOUNG *et al.,* Appellants, *v.* CHARITY D. WARD, Appellee.

APPEAL FROM LOGAN.

Where an action is brought by the wife, upon a promissory note made payable to the wife or the husband, the proper mode of taking advantage of the fault, is by plea in abatement.

On such an obligation the suit should be brought either in the name of the husband, or by the husband and wife.

Upon an obligation made to a wife during coverture, the husband and wife may join in an action for a recovery upon it.

Husband and wife being but one person in law, the legal effect of a note made payable to the wife, or to the husband and wife in the alternative, is, that the husband is payee.

If a party signs a blank, and delivers it to another person, with authority to write over his name a negotiable obligation, if the person receiving the blank, makes the obligation for a larger amount than was intended by the signer, it will be good against him, in the hands of an innocent purchaser. So of negotiable paper, given for one purpose but used for another.

It is gross misconduct, for a circuit clerk, in making up the transcript of a case for this court, to append to the transcript the original appeal bond. Original papers should only be sent to the Supreme Court upon an express command from this court.

THIS was an action of assumpsit, brought upon a note made payable to Alfred Ward or Charity D. Ward, his wife, and given for two hundred and fifty dollars, made payable on or before the twenty-fifth day of December, one thousand eight hundred and fifty-five. The note was signed J. L. Reim, and the appellants. The declaration declared specially upon the note, and had also the common counts. The suit was brought in the name of Charity D. Ward. The defendants pleaded the general issue. Also a special plea that the said Charity D. Ward, who hath above thereof complained against the defendants, is not the wife of the said Alfred D. Ward. A third plea : That the note was obtained through fraud and circumvention, because Reim, who was the principal in said note, and who obtained the consideration therefor, and who induced the defendants to sign the note with him, said Reim, assured them at the time that several other persons whom he named would also sign the note ; that upon the strength of this assurance defendants signed the note ; that upon subsequent inquiry, Reim told defendants that the note had been destroyed, etc.; therefore defendants were not bound to pay, etc.

A demurrer was sustained to the special pleas. There was a trial by the court, without the intervention of a jury, and a judgment was entered for the plaintiff below. The defendants then took this appeal.

W. H. YOUNG, for Appellants.

LINCOLN & HERNDON, and C. PARKS, for Appellee.

WALKER, J. The record in this case presents for consideration, the question of whether a judgment recovered by a *feme covert* on a note payable in the alternative, either to her husband or herself, is erroneous. There is no doubt that the suit should have been brought in the name of the husband alone, or in their joint names. But whether the defendant can now insist upon the objection, is what we are called upon to determine. The doctrine seems now well settled, whatever may have been the doubts formerly entertained, that on a contract entered into with the wife alone, during coverture, the husband and wife may join in an action for its recovery. *Philliskirk and Wife* v. *Pluckwell*, 2 Maule and Selw. 393 ; 1 Chit. Pl. 33. "The *consequences of a mistake*, in the proper parties in the case of baron and feme, are that when a married woman might be joined in the action with her husband, but sues alone, the objection can only be pleaded in abatement, and not in bar, though the husband might sustain a writ of error." 1 Chit. Pl. 36. In all cases where the wife is the meritorious cause of action, she may

be joined with her husband as plaintiff for its recovery. This contract is in the alternative, to pay the husband or wife, and it cannot be doubted she was a party to the instrument. It was payable to her husband or to herself, and the husband and wife might have joined as plaintiffs. But failing to do so, and the suit being in the name of the wife only, the defendant should have plead her coverture in abatement. By failing to do this, he waived the objection, and could not plead it in bar of the action; nor could he take advantage of it under the general issue on the trial, or on error. But even if he might have done so, the record fails to show that such objection was urged at any stage of the proceeding. This is not such an error as entitles plaintiff to a reversal of the judgment.

The note describes plaintiff as the wife of Alfred Ward, and the plaintiff in her declaration follows the description in the note. The husband and wife being in law regarded as one person, the legal effect of the note was that the husband was the payee, and the note was not payable in the alternative, to one of two persons, and the objection that there was uncertainty as to who was the payee, and therefore void, does not apply. The defendant by executing the note admitted the coverture of plaintiff, and was estopped to deny that fact, as effectually as the amount, or any other part of its contents. For these reasons there was no error in sustaining the demurrer to this plea.

The third plea discloses a state of facts which, if true, most clearly constituted a fraud perpetrated on defendant, by Reim. But it nowhere alleges that the plaintiff, or her husband, participated in the false representations which were made. There is no averment that she, or her husband, ever made or caused to be made, representations of any description to this defendant, or that she or her husband knew that any such were made. There is no principle of law that will hold a party to the consequences resulting from the perpetration of a fraud, who is innocent of all participation in it, unless it be where the statute has declared instruments to be absolutely void, as having been given in violation of some penal statute. And there is nothing averred in this plea to bring this instrument within any such enactment. If this plea had averred that these representations were made by the sanction, or procurement, of plaintiff or her husband, or with a full knowledge of their having been made, she or her husband had accepted this instrument, then the question would be different. It is the settled doctrine, that if a party signs his name to a blank paper, and delivers it with authority to fill the blank above his signature with a note or bill for a particular amount, or to a specified person, and the person

15

receiving it fills it for a larger amount, or to a different person, and it is passed in the course of business, without notice of the facts, the maker is bound by the instrument. And so of a note or bill already filled up, and entrusted by the maker or drawer to be delivered for a particular purpose, or to a particular individual, or on a contingency, and the instrument is negotiated contrary to the intention of the maker, to an innocent person. It is the duty of the maker to see that his negotiable paper does not improperly get into circulation, and failing to do so, he must suffer the consequences of his negligence. For these reasons, the demurrer was properly sustained to this plea.

In this case, the clerk of the Circuit Court of Logan county, has, for some unaccountable reason, and in violation of his official duty, returned with the transcript of the record in this case, the original appeal bond. That is one of the files of his court, deposited there for the benefit and protection of the parties. The law requires him to keep and preserve it in his office, and he has no right to entrust it to others, and much less to send it to another court, there to remain, unless it is in return to a writ, or order, for that purpose. If this practice is tolerated, those who are selected to preserve the records of our courts upon which our most important rights depend, may become the instruments by which these records may be destroyed, and those rights wholly lost. The law requires a transcript to be made and certified by the clerk, and for this he is entitled to compensation, and if parties wishing to remove their causes to the appellate court are unwilling to incur the expense of a transcript, it is no justification to the clerk in violating his duty. This practice cannot be tolerated, and it is earnestly hoped that this court will not in future have occasion to refer to its recurrence.

We are unable to perceive in this record any error for which this judgment should be reversed, and the same should therefore be affirmed.

*Judgment affirmed.*