# HENRY LOVE
## *v.*
## HUGH MOORE.

MALICE — *when may be inferred from acts of a party.* In an action on the case for revoking a person's certificate of qualification as a school teacher, in order to show malice in such act, the plaintiff need not prove personal

hatred or ill-will toward him. Evidence that the defendant acted rashly, wantonly and wrongfully, in the exercise of his authority, is sufficient, whereby malice may be inferred.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. M. SCHAEFFER, for the appellant.

Messrs. JONES & GOODNOW, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case brought against the superintendent of schools of Marion county for illegally revoking a teacher's certificate. The court properly instructed the jury, that the defendant was not liable in damages, unless his conduct had been willfully and maliciously wrong. The plaintiff then asked the following instruction:

" That, in order to show malice in this cause, the plaintiff is not compelled to show personal hatred or ill-will; but, if you believe from the evidence that the defendant acted rashly, wickedly and wantonly, in revoking the plaintiff's certificate, then the jury have the right to infer malice, and if the plaintiff has proved all the other material allegations in the declaration, you should find the defendant guilty."

This instruction the court refused. It should have been given as explanatory of the others. The jury were not unlikely to suppose it was necessary for the plaintiff to show malice, by proof of personal hatred or ill-will toward himself on the part of the defendant. This was not necessary. If the defendant exercised his authority wantonly and wrongfully, as specified in the instruction, the jury might properly infer malice. The case is not very clear upon the evidence, and we think a new trial should be had and this instruction given.

*Judgment reversed.*