## ASAHEL GRIDLEY

*v.*

## SAMUEL T. BANE.

FRAUD AND CIRCUMVENTION—*by whom the fraud must be perpetrated to render the defense availing.* An assignee before maturity of a promissory note, purporting to have been executed by several, brought suit thereon against one of the makers, who pleaded that one of the principal makers had induced him to join in the execution of the note, on the representation that another person had already signed the same, when in fact the signature thereto of such other person was a forgery: *Held*, that the plea was at least defective for this, if for no other reason, that it did not aver that the payee or the assignee of the note was privy to the alleged fraudulent or false representation.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

Mr. E. M. PRINCE and Messrs. WILLIAMS & BURR, for the appellant.

Mr. M. W. PACKARD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon a promissory note, purporting to be executed by J. C. Pierson, J. S. Pierson and Samuel T. Bane, jointly and severally, to J. H. Cheney, and indorsed by Cheney to appellant before maturity.

34—57TH ILL.

Bane alone was sued; and the only question is, upon the sufficiency of his second plea, a demurrer to which was overruled.

The plea avers that defendant's signature was obtained by said J. C. Pierson to said note through fraud and circumvention in this:   That said J. C. Pierson came to the defendant to get him to sign said note with him, the said J. C. Pierson, and he told and represented to the defendant, that James S. Pierson had signed the same, which representation the defendant believed, and he thereby induced defendant to sign the said note, when, in fact, the said James S. Pierson never did sign said note, but that his signature thereto is a forgery.

The plea is at least defective for this, if for no other reason, that it does not aver that Cheney, the payee, or Gridley, the assignee of the note, was privy to the alleged fraudulent or false representation of J. C. Pierson.

In the case of *Young et al.* v. *Ward*, 21 Ill. 223, the plea set up that the defendant was induced to sign the note on the fraudulent assurance of Reim, the principal in the note, that certain other persons would also sign it; and the court there held, that the plea disclosed a state of facts, which, if true, most clearly constituted a fraud perpetrated on the defendant by Reim—but that the plea was bad, because it did not allege that the payee of the note participated in the fraudulent representations made by Reim, or took the note with knowledge that they had been made.   A subsequent surety is not to be discharged because the name of a prior one has been forged. *York Co. M. F. Ins. Co.* v. *Brooks*, 51 Maine, 506.

It was held in *Selan* v. *Brock*, 3 Ohio State R. 302, that one who signed a note apparently as principal, but who was in fact a surety within the knowledge of the holder, and affixed his signature after the names of others as signers had been forged upon the note, and while it was in the hands of him for whose benefit it was drawn, so far sanctioned and affirmed the genuineness of the signatures, that he could not take advantage of the fraud in his defense against the holder,

unless he showed the holder was privy to the fraud. 1 Parsons on Notes and Bills, 235.

The demurrer to the plea should have been sustained.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*