# Wilber et al. v. Eicholtz.

1. There is no principle of law that will hold a party to the consequences resulting from the perpetration of fraud, who is innocent of all participation in it, unless it be where the statute has declared instruments to be absolutely void, as having been given in violation of some special statute.

2. It is not error for either witnesses or jurors to make comparison for the purpose of forming an opinion concerning handwriting, when the paper used for the purpose constitute a part of the record in the cause and are undisputed.

*Appeal from District Court of Arapahoe County.*

THE jury rendered a verdict in this case in favor of the plaintiff, Eicholtz, and judgment was entered on the verdict. The facts are sufficiently stated in the opinion.

Messrs. CHARLES & DILLON and Mr. H. P. H. BROWNWELL, for appellants.

Mr. E. P. JACOBSON and B. F. HARRINGTON, for appellee.

BECK, J. The record in this case discloses that one of the defendants below, George F. Packard, applied to the appellee, Leonard H. Eicholtz, and one Horace A. Gray, since deceased, in May, 1873, for a loan of $2,500, to enable Packard and other farmers of Rallston creek to subscribe and pay for twenty-five shares of stock in an agricultural society named the Colorado Industrial Association. The parties applied to consented to loan the requisite sum if twenty-five farmers of the neighborhood mentioned would execute their joint promissory note for the amount.

A note was prepared and given Packard for the requisite signatures, and upon its return with the proper number, the money was paid over by Gray & Eicholtz to Packard, and by him to the Industrial Association.

The makers of the note having each subscribed for a share of stock in the association, were admitted to the privileges of membership; but for the protection of those who should pay their proportion of the note, as against those who might not, the treasurer of the association was instructed to deliver a certificate of stock to each subscriber, upon his producing a receipt from Gray & Eicholtz that he had paid the sum of one hundred dollars and accrued interest thereon upon the note, and not otherwise.

The note not being wholly paid, this suit was instituted to recover the balance due thereon. Some of the defendants suffered judgment to be entered against them by default; some of the makers were not found; some were under legal disabilities at the time of executing the note, and were adjudged not liable on that ground; and the remainder, against whom judgment was rendered on the trial, are defending on two grounds: first, that they never executed the note; and second, that the execution of the note was procured by fraud.

There is a voluminous record in the case, and upon it appear eighty-eight assignments of error.

After a careful examination of this record, in respect to all the errors assigned, we have failed to discover any substantial error in the proceedings of the district court. Nor have we been able to discover that any close questions of law arise demanding serious consideration and discussion. The case appears to have been fairly tried; to have been submitted to the jury upon correct instructions, and we think its finding was warranted by the testimony.

If any fraud was practiced in obtaining the signatures of defendants to the note, there is nothing in the record to connect the payees with the fraud. The jury was correctly instructed to this effect, and also that if the defendants executed the note, the fraudulent representations of the defendant, Packard, if any were made by him, constituted no defense, if they executed the note or caused it to be executed, with the understanding that Packard should get the money on it, and use it to pay for a share of stock in the Colorado Industrial Association for each subscriber to the note, and that the money was obtained and appropriated to this purpose.

Our statute upon the subject of obtaining the execution of negotiable instruments by fraud or circumvention, is the same as the statute of Illinois upon the same subject, and the Supreme court of that State in *Young* v. *Ward*, 21 Ill. 223, says: "There is no principle of law that will hold a party to the consequences resulting from the perpetration of fraud, who is

innocent of all participation in it, unless it be where the statute has declared instruments to be absolutely void, as having been given in violation of some penal statute."

The same doctrine has since been affirmed in the following cases: *Easter* v. *Minard*, 26 Id. 494; *Gridley* v. *Bane*, 57 Ill. 529; *Anderson* v. *Warren*, 71 Ill. 20.

But if it was necessary to qualify the doctrine of the above cases, so as to deprive the makers of a promissory note of this defense only when they are chargeable with negligence in making the note in the absence of fraud or collusion on the part of the payee, yet the instructions of the court would not be in conflict with this view of the law, and the verdict of the jury would still be supported by the testimony.

The execution of the note having been denied by a portion of the defendants by a plea verified by affidavit, the jury was permitted to compare the signatures of the defendants subscribed to this affidavit, and likewise their signatures subscribed to the affidavit of merits filed in the cause, with what purported to be the signatures of the same defendants to the note in suit.

This ruling is assigned for error.

A similar question arose in the case of *Vinton* v. *Peck*, 14 Mich. 287. In that case it was assigned for error that witnesses were allowed to compare the signature of the defendant subscribed to the appeal bond, and to an affidavit in the cause, with the signature affixed to the note in suit. It was held not to be error for either witnesses or jurors to make such comparison for the purpose of forming an opinion concerning the handwriting, when the papers used for the purpose constitute a part of the record in the cause, and are undisputed.

We think this case announces the correct rule. Where the papers belong to the files in the cause, or have been previously received in evidence, and are admitted to be genuine, the objections urged against this class of testimony, that the writings sought to be used for comparison may have been specially selected as a standard, or that their introduction may cause

Alvord et al. v. McGaughey.

collateral issues to spring up as to their genuineness, do not obtain. 1 Greenleaf Ev. Secs. 578, 581; 1 Best Ev. Secs. 238, 239; Wharton Ev. Sec. 713; 2 Phillips Ev. p. *616; *Moore* v. *United States*, 1 Otto, 270.

We do not deem it necessary to consider in detail the numerous other errors assigned. It is sufficient to say that we do not consider any of the objections to the proceedings below well taken, and therefore affirm the judgment.

*Judgment affirmed.*

ELBERT, C. J., did not sit in this cause.