## Emanuel Tottleben v. Boss Blankenship.

1.  SLANDER—*Actionable Words.*—To charge a person with maliciously killing a domestic animal, is actionable.

2.  SAME—*When All the Words Uttered Do Not Amount to a Charge of Crime.*—In an action for slander it may be shown that all the words uttered at the time did not charge any crime, and that, so considered, no crime was intended to be charged.

3.  SAME—*The Sense in Which the Words Are Understood.*—A witness in an action for slander, may be asked as to the impressions the words made upon him, as to whether the person speaking the words intended to impute a crime, or he may state his opinion of the sense in which the slanderous words were understood as to imputing crime.

4.  PLEADING—*Notice with the General Issue in Slander.*—A notice which presents no defense is insufficient, and evidence offered under it should be rejected.

5.  EVIDENCE—*Mitigation Under the General Issue.*—Under the general issue in slander, all the facts relating to the making of the charge may be offered in mitigation of damages.

6.  MITIGATION OF DAMAGES—*Want of Express Malice.*—The want of express malice may be shown in mitigation of damages in actions of slander.

7.  NOTICE—*When Implied.*—To willfully charge a person with the commission of a crime implies malice in law, that can not be rebutted, though all the words of the conversation may be shown to determine whether such implication arises, if the meaning of the words is doubtful.

8.  DAMAGES—*When Implied.*—When the slanderous words are proved, some damages are implied in law, and so the plaintiff, upon making proof of the charge, is entitled to a verdict for something.

9.  TRIALS—*Examination of Witnesses by the Court.*—Where the court by examination of witnesses in an action of slander, creates an impression that if the defendant expressed an opinion, etc., he would not be liable, although he had made the direct charge, and the jury finds for the defendant, the verdict will be set aside.

10.  SLANDEROUS WORDS—*How to be Construed.*—Slanderous words must be construed in the sense which the hearers of common understanding would ascribe to them.

**Action for Slander.**—Appeal from the Circuit Court of Williamson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Declaration in case; plea, not guilty, with notice, etc.; trial by jury; verdict for defendant; appeal by plaintiff. Submitted at the August term, 1894. Reversed and remanded. Opinion filed March 23, 1895.

CLEMENS & WARDER, attorneys for appellant.

YOUNG & BAKER, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellant in his declaration alleges appellee spoke and published of and concerning him certain false and defamatory words, which are set out in various forms, all to the effect that he maliciously charged appellant with having killed his heifer, while trespassing on the latter's premises. To willfully and maliciously kill, wound, maim or disfigure a domestic animal is punishable by imprisonment in the penitentiary for a period not less than one nor more than three years, or by a fine not exceeding $1,000, or both. Sec. 203, Chap. 38, Statute. A person wounding or maiming a trespassing domestic animal is liable under this section. Snap v. People, 19 Ill. 80.

The appellee, therefore, charged appellant with the commission of a crime, revolting in its character. To kill a dumb brute, because, in following its natural instincts, it seeks food on another than its owner's premises, is abhorrent. To willfully and rashly do the act implies malice. Love v. Moore, 45 Ill. 12.

To willfully charge the commission of the crime implies malice in law, that can not be rebutted (Gilmer v. Eubanks, 13 Ill. 271), though all the words of the conversation may be shown to determine whether that implication would arise, if the meaning is doubtful. McKee v. Ingalls, 4 Scam. 30. Or it may be shown that all the words uttered at the time did not charge any crime, and that, so considered, no crime was intended to be charged. Cooley on Torts, 199.

In this case the plaintiff clearly proved the slanderous charge. The defendant did not deny that he charged plaintiff with killing his heifer. In fact, he had sued the plaintiff for the value of his heifer on account of such killing, and was defeated in the action.

The general issue was pleaded and also notice given that defendant would offer to show that the heifer " came to her death by reason of wounds inflicted by some kind of an instrument that would produce a wound like a three-pronged

pitchfork, and that said wounds were received while upon the premises or in the stable of plaintiff." Such notice does not propose proof of justification. It does not give notice of proof that this plaintiff inflicted such wounds. No issue of law or fact can be formed on a mere notice. It can be tested on the trial when evidence is offered under it. If it presents no defense, then the evidence will be rejected. Burgwin v. Babcock, 11 Ill. 20. It is not necessary to assume any evidence was offered under it. Under the general issue all the facts relating to the making of the charge may be offered in mitigation. That is, what was said by the defendant at the time to the witnesses by whom the slanderous charges were proven, may be shown to show the charge was not reckless and wanton. Thomas v. Dunaway, 30 Ill. 373. The want of express malice may be shown in mitigation. Storey v. Wallace, 60 Ill. 51. The fact that when the defendant went after the heifer she was sick, laid down, etc., may be so shown.

The court can, by instructions, limit such evidence, to its proper purpose. In view of the insufficiency of the notice, we have a right to assume, evidence in the record that would otherwise have been objectionable, was so offered.

The slanderous charges being proved, some damages are implied in law; Baker v. Young, 44 Ill. 42; therefore, the plaintiff was entitled to a verdict for something.

The verdict for the defendant is probably explainable on the impression created by the examination of the witnesses by the court, by whom the slanderous charges were proven.

That impression is that if the defendant expressed an opinion, the plaintiff was guilty of killing his heifer with a pitchfork, then he was not liable, although he had made the direct charge averred in the declaration. The court may not have intended to create such an impression, but we think it was created, and accounts for this verdict. No law is cited supporting the view that slanderous words are not actionable because they are the results of an opinion formed from certain facts. The reasons given to support the charge would only tend to deepen the impression in the mind of

the hearer and thereby do greater injury to the person so charged if it was false. It was not for the witness, in any event, to give his understanding that the defendant was expressing an opinion if the defendant spoke the words charged. It was evident the witness understood defendant was making a direct charge against the plaintiff. The proof shows he, unqualifiedly, did make such charge. A witness may be asked as to the impression the words made on him, as to whether the person speaking the words intended to impute crime (McKee v. Ingalls, 4 Scam. 32), or get his opinion of the sense in which the slanderous words were understood as to imputing crime, etc. Nelson v. Borchenius, 52 Ill. 236.

The words herein must be construed in the sense which hearers of common understanding would ascribe to them and it was the defendant's duty to avoid the use of language which was slanderous in the minds of reasonable men who might hear him (Nelson case, *supra*), unless he could prove the truth of his charge.

The fifth instruction given for the defendant was somewhat in the line of such examination.

The jury was instructed: "In this case, though the jury may believe from the evidence that the defendant did speak the slanderous words charged in the declaration, still, if the jury further believe from the evidence and the facts and circumstances proved on the trial, that the defendant did not intend to impute, and the hearers did not understand him to impute to the plaintiff, the offense which the words might under other circumstances, naturally import, then the jury should find the defendant not guilty."

There is no evidence in this record to sustain or justify this instruction. The jury would probably consider it was based on the examination of the witnesses made by the court, part of which runs as follows: "Q. You did not understand that he had seen this man run a pitchfork into his animal, or anything of that kind? A. No, sir. Q. He simply claimed that he gathered that from the circumstances? A. Yes, sir. Q. And you took it as an opinion of his? A. Yes, sir. Q. That is what I have been

trying to get at, whether he gave it out that this man run a pitchfork into his heifer, or whether he gave it to you as his opinion from the circumstances? A. Yes, sir." This examination was not proper and no instruction could legally be based on it. The judgment is reversed and the cause remanded.