## EXCHANGE BANK, Appellant, v. EDWARD G. ROBINSON, Respondent.

**Kansas City Court of Appeals, January 11, 1915.**

1. **INSTRUCTIONS: Demurrer: Invited Error.** The plaintiff complains of the trial court having given instructions for the defendant as to the payment of a promissory note and as to the defendant not having signed it, when, as he contends, there was no evidence on those subjects. But as plaintiff did not offer a demurrer to the evidence and also submitted those matters to the jury in instructions asked by him, he cannot complain on . appeal.

2. **PROBATE COURT: Pleadings: Payment.** No pleadings, by way of answer, are necessary in the probate court in order to prevent the defendant to show payment.

3. **BILLS AND NOTES: Presumption: Mutilation.** While the presumption is in favor of the integrity of a note in the hands of a payee or endorsee, yet where it appears to be in different handwritings, written at different times, and in different ink, such presumption is destroyed and the fact must be found without the aid of a presumption.

4. ————: **Blank: Authority: Negotiable Instrument Statute.** Under the provision of Sec. 9985, R. S. 1909, of the Negotiable Instrument Act, an instruction is proper, to the effect, that if one signs a note, negotiable in form, with the amount payable left blank, and this was afterwards filled in in words and figures, in a sum not authorized by the maker, there could be no recovery by the holder, unless he was an innocent purchaser in · due course, before maturity.

5. ————: **Mutilation: Presumption.** Where there was evidence tending to show that a note was written in different hands and at different times in different inks, it is error to instruct a jury that those things did not destroy the presumption of the integrity of the note.

Appeal from Daviess Circuit Court.—*Hon. A. B. Davis,* Judge.

AFFIRMED.

*Thos. D. Williams* and *Leopard Fair* for appellant.

*C. C. Crow* and *L. G. Gabbert* for respondent.

ELLISON, P. J.—Plaintiff Bank claims to be the holder and owner of a note which purports to have been executed by Cunningham, defendant's intestate, to one Mitchell and transferred by the latter to plaintiff before maturity. The action was instituted by plaintiff presenting the note in the probate court for allowance against Cunningham's estate. Defendant denied the exection of the note under oath. The note was allowed in the probate court and defendant appealed to the circuit court, where, on trial anew, the judgment was for defendant.

The verbal defenses were *non est factum* and payment. Each of the defenses was submitted to the jury. Much of plaintiff's complaint here is in the nature of a demurrer to the evidence, yet no instruction of that character was offered at the trial. On the contrary, plaintiff asked the court to give instructions submitting the several issues to the jury. By instructions numbered 1 and 2 plaintiff submitted the issue of payment and cannot now say that the evidence did not make such issue. So, conceding the evidence was slight as to payment, plaintiff cannot now attack its sufficiency; it cannot convict the court for error it invited.

There was evidence from which the jury could conclude that deceased did not sign the note. We find that his son testified it was not his father's signature, in his opinion. But more than that, the note was itself before the jury while being examined and compared by experts called by plaintiff, with deceased's signature to other writings. The jury were entitled to form conclusions from this, in defendant's fa-

vor. But in adition to this plaintiff submitted that issue by instruction number 4.

We find no real objection to defendant's second instruction, though it is criticised by plaintiff. It, like plaintiff's first, submitted the question of payment, directing that if deceased paid the note the verdict should be for defendant, unless it was transferred to plaintiff before maturity as security for the payment of indebtedness due to plaintiff. The criticism is partly founded on the statement again repeated that there was no evidence of payment, but, as we have just stated, plaintiff cannot make such objection in the face of having itself directly submitted that issue.

A further criticism is that payment must be pleaded in order to be a defense. But this cause originated in the probate court where pleadings are not necessary: Cole County v. Dallmeyer, 101 Mo. l. c. 67. And if they were, plaintiff could not complain for, by its instructions it affirmed that it was an issue. It is too late on appeal to make the objection for the first time.

There was evidence tending to show that the amount of the note was written in words and figures with different ink and pen, and perhaps at a different time from other parts and that there were apparently three different handwritings in the note.

In this connection defendant's instruction number 3, is stated to be error. It submits that though the jury believed deceased signed the note, but at time of signing the amount thereof was blank and this was afterwards written or filled in by words and figures, and that deceased did not authorize anyone so to fill such blank by inserting the amount, then the verdict should be for defendant, unless the jury further believe the note was pledged or transferred to plaintiff by Mitchell before maturity as security for existing debts to the plaintiff. We are of the opinion that this instruction is authorized by section 9985, Revised Statutes 1909, of our "Negotiable Instruments Act," which provides

as follows: "Where the instrument is wanting in any material particular, the person in possession thereof has a prima-facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima-facie authority to fill up as such for any amount. In order that any such instrument, when completed, may be enforced against any person who becomes a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time."

If one signs a negotiable note in blank amount, the payee has authority, prima facie, to complete it, in a reasonable time, by filling in the amount authorized and if he fills in any other sum, he cannot hold the maker (or anyone else who became a party to it before it was completed) unless, after its completion, it is negotiated to a holder in due course, in which case, the maker (or those becoming parties to it before its completion) can be held regardless of whether the amount was authorized.

But defendant says that if we sanction that instruction, then the following refused instruction offered by it in that connection and on that subject, should have been given, viz, "The court instructs the jury, that it is presumed that the note in suit was complete before the same was signed by the said Benjamin Cunningham, and that at the time of signing thereof he knew the contents of said note, and the fact that said note is writen in two different colors or kinds of ink would make no difference, and the burden is upon the defendant to overcome this presumption."

There was evidence tending to show a mutilated condition of the note; that is, that it was written in two or three different hands, and with different ink, and at different times. This instruction declares, as a matter of law, that that would make no difference. It was clearly wrong and properly refused. [Matthews v. Coalter, 9 Mo. 705; Paramore v. Lindsey, 63 Mo. 63; Stillwell v. Patton, 108 Mo. 352.] This would destroy the presumption in favor of the integrity of the note and would leave its character to be determined without the aid of such presumption.

Plaintiff has endeavored to show that there was no inconsistency in its asking the kind of instructions it now complains were given for defendant. We are not impressed with the attempted destruction. Nor do we think there is any substantial merit in the criticism as to the words, "then existing indebtedness."

We find nothing to justify us in disturbing the judgment and it is accordingly affirmed. All concur.