D. SCHNITZER, Defendant in Error, *vs.* JOHN KRAMER *et al.*
Plaintiffs in Error.

*Opinion filed June 24, 1915—Rehearing denied October 6, 1915.*

1. BILLS AND NOTES—*matter of filling blank spaces in notes is governed by section 14 of the Negotiable Instruments act.* Under section 14 of the Negotiable Instruments act of 1907, where there are blanks in an instrument a person in possession has *prima facie* authority to complete the instrument by filling up the blanks, but in order that it may be enforced, when completed, against any person who became a party thereto before its completion, the blanks must be filled up strictly in accordance with the authority given and within a reasonable time.

2. SAME—*extent of authority to fill blanks.* By section 14 of the Negotiable Instruments act the authority to fill blanks in an instrument, as against any person who became a party thereto before they were filled, is limited to the insertion of such things as were contemplated by the parties when the instrument was made.

3. SAME—*when filling in amount of attorney's fees is not an alteration.* The filling in, by the payee of a note, of the amount of attorney's fees in a blank space in the power of attorney to confess judgment is not such an alteration as invalidates the instrument as against the maker, where the latter understood when the note was executed that such blank space would be filled by inserting such amount as would be necessary and proper for what the parties spoke of as court expenses.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN R. DOWDALL, Judge, presiding.

S. T. SLAWITSKY, for plaintiffs in error.

SONNENSCHEIN, BERKSON & FISHELL, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 24, 1912, the plaintiffs in error, John Kramer and Maggie Kramer, made and delivered to the defendant in error, D. Schnitzer, their five promissory notes

of that date, four of the notes being for $250 each and the fifth for $150, all with interest at six per cent after maturity. Each note contained a power of attorney authorizing a confession of judgment for the amount of the note, together with costs and attorney's fees. In the provision for attorney's fees there was a blank space before the word "dollars," so that no amount was stated to be included as attorney's fees. The defendant in error took the notes to his attorney for the purpose of having a judgment confessed, and the attorney wrote in the blank space in each of the notes for $250 the word "twenty-five" and in the blank space in the note for $150 the word "fifteen." Judgment was entered by confession for $1265, being the amount of the notes together with $115 attorney's fees, and on motion of the plaintiffs in error the judgment was vacated and leave was given to them to plead. A plea of the general issue with an affidavit of merits was filed and there was a trial of the issue by the court without a jury. On the trial the notes were offered in evidence and were objected to on the ground that they had been altered in a material respect by filling the blanks, so that the notes were different, in legal effect, from what they were when delivered and were therefore void. The objection was overruled and the notes were admitted in evidence. The court found the issue for defendant in error and entered judgment for the amount of the notes, including the attorney's fees. An appeal was taken to the Appellate Court for the First District, and that court being of the opinion that by the law merchant the defendant in error was authorized to fill the blank spaces with reasonable amounts as attorney's fees, affirmed the judgment. A writ of *certiorari* was awarded to bring the record to this court for a review of the judgment of the Appellate Court.

The arguments of counsel are devoted mainly to the rules of the law merchant and authorities and decisions concerning implied authority to fill up, after delivery, blank

spaces in negotiable instruments in conformity with the apparent character and object of the instruments, but we are of the opinion that the question involved must be controlled by the provisions of section 14 of the Negotiable Instruments act of 1907. (Laws of 1907, p. 403.) The section is as follows:

"Sec. 14. Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a *prima facie* authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is issued or negotiated to a holder in due course it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time."

Before the passage of that act it was the settled law of this State that as between the maker who has delivered an instrument with blanks not filled, and innocent third persons, the maker was bound by the instrument although the blanks were fraudulently or improperly filled. (*Young* v. *Ward,* 21 Ill. 223; *Elliott* v. *Levings & Co.* 54 id. 213; *Hudson* v. *Hanson,* 75 id. 198; *Merritt* v. *Boyden & Son,* 191 id. 136.) The Negotiable Instruments act declares the law in such cases to be precisely the same, by providing that if any such instrument, after completion, is issued or negotiated to a holder in due course it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the au-

thority given. None of the cases in which the rights of *bona fide* holders were determined apply to this case, where the party claiming under the instruments accepted them with the blanks not filled and filled them with such sums as he saw fit. Limiting the inquiry to the question of the extent of the authority of the original payee to fill blanks and perfect the instrument, it would not be profitable to review the decisions prior to the passage of the act in question, for the reason that it makes specific provision for such cases as this. The defendant in error became a party to the notes prior to their completion, and the law as fixed by the act is, that where there are blanks in an instrument a person in possession has *prima facie* authority to complete the instrument by filling up the blanks, but in order that it may be enforced, when completed, against any person who became a party thereto prior to its completion, the blanks must be filled up strictly in accordance with the authority given and within a reasonable time. (*Hartington Nat. Bank* v. *Breslin,* 88 Neb. 47; Ann. Cas. 1912*b,* 1008.) By the act the authority to fill blanks, as against any person who became a party thereto before they were filled, is limited to the insertion of such things as were contemplated by the parties when the instrument was executed. Whether the defendant in error, therefore, had authority to fill the blanks depends upon the understanding of the parties at the time the notes were delivered, and the evidence on that subject was as follows: The notes, aside from the blank spaces mentioned, were filled up and taken by John Kramer to his wife, Maggie Kramer, who signed them at their home. When John Kramer brought the notes back and delivered them, the defendant in error explained to him that he had not filled the blanks for the attorney's fees because he did not know what the court expenses would be, and Kramer said that he need not be afraid and the notes would be paid promptly. The defendant in error was ignorant of the amount that would be required, and it was contem-

plated that such amounts as might be necessary for what was spoken of as court expenses might be inserted in the blank spaces. The parties contemplated that such amounts would be inserted as might be necessary and proper, and therefore there was authority to fill the blanks with reasonable amounts. The court did not err in admitting the notes in evidence.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*