STOUT, EXECUTRIX, ET AL. *v.* EASTERN ROCK ISLAND PLOW COMPANY.

[No. 26,061. Filed June 25, 1931.]

*Plummer & Plummer, Walter G. Todd* and *L. Russell Newgent*, for appellants.

*Walter S. Bent* and *Gavin & Gavin*, for appellee.

PER CURIAM.—Appellee filed a claim in the form of a promissory note for $4,561.39, with eight per cent interest from the date thereof, against the estate of Wallace W. Stout, deceased, pending in the Wabash Circuit Court. It was transferred to the trial docket, and Marshall Smith, whose name appears upon the note as a maker, was made a party defendant. Appellant answered by a general denial, and, by cross-complaint, alleged suretyship. Smith defaulted. Trial was had, resulting in a finding in favor of appellee against Smith as principal and this appellant as surety, in the sum of $3,379.02, which included $400 attorneys' fees. Judgment in compliance with the finding. The overruling of appellant's motion for a new trial is assigned as error. The causes included in the motion and not waived are: finding not supported by the evidence and contrary to law.

The undisputed evidence shows that Marshall Smith was, prior to August 8, 1920, engaged in merchandising at Amboy, Indiana, and prior to that time had purchased from appellee wagons to the amount of $1,925; one-half of which was subject to a discount, if paid August 1, 1920, and the balance was subject to discount if paid October 1, 1920; that, on August 8, L. G. Ferguson, general manager and in charge of appellee's business with offices in Indianapolis, met Smith at Amboy and obtained from him a note signed in blank by Marshall Smith and W. W. Stout. Stout, at that time, lived a few miles north of Amboy and was seriously ill. Smith, some two or three months before, had secured the signature of Stout to the note in blank. Ferguson, at the time of receiving the note, had no communication with Stout. He returned to Indianapolis with the note, and the next day, August 9, filled the blanks by inserting in the upper left-hand corner the figures "$4,561.39"; the place, "Amboy, Ind."; date, "Aug. 9, 1920"; when due, "February 1st, 1921"; in face of note, preceding the word "Dollars," "Four Thousand Five Hundred Sixty-One and 39/100"; place payable, "National City Bank, Indianapolis, Ind."

The testimony of Smith was to the effect that he asked Stout to sign the note, telling him he owed the plow company about $1,900 for wagons purchased, and that Stout signed the note, which was to cover the wagon account only. Nothing was said to Stout about any other amount or indebtedness. Smith also testified that Ferguson's visit to Amboy was to get settlement of the wagon account, which amounted to something like $1,900; that Ferguson did not have the account with him, and, not knowing the exact amount of the invoice, he authorized Ferguson to fill the blanks covering the amount of the wagon account, but, instead of following his instructions, Ferguson included in the note all of his

indebtedness to appellee, a large part of which—$2,858.40 —the record shows was evidenced by other notes of Smith, some of which were not due.

Concededly, appellee was a party to the note prior to its completion. It cannot, therefore, be regarded as a holder in due course. While the court made a general finding for appellee, yet, under all of the facts and circumstances shown by the record, the finding of the amount due appellee was undoubtedly based upon the evidence that the note in suit was signed by Stout in blank with authority to Smith to fill the blanks so that, when the same was completed, it would cover the wagon account alone. From the foregoing observations, the question for decision is apparent: Was the decision of the trial court contrary to law?

The record at bar, as we see it, conclusively presents a case where a surety signs a blank note with power to the principal to fill the blanks so as to convert it into a negotiable instrument for a particular and certain principal sum or fixed obligation, which authority so given, at most, was not substantially followed.

It seems to us that the rights of the parties to this appeal are fixed by §14 of our Negotiable Instruments Law (Acts 1913 p. 120, §11373 Burns 1926), which, in so far as it is applicable to this case, provides that: "Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a *prima facie* authority to fill it up as such for any amount. In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be

filled up strictly in accordance with the authority given and within a reasonable time."

Appellant does not challenge the reasonableness of the time between the signing of the note and its asserted completion, but is relying on the statutory provision—failure to strictly conform to authority given. The amount in dollars and cents of the so-called wagon account was a sum certain, and it was for that sum only, according to the undisputed testimony of Smith, that Stout was asked to sign the note then in blank. The mere fact that Stout did not affirmatively restrict the filling of the blanks to cover only the wagon account, but instead consented to the statement of Smith in that respect, cannot be regarded as an indefinite instruction or as failing to limit the amount for which the blank should be filled. But it is said that Smith is unworthy of belief for several reasons pointed out by appellee. This attack on the credibility of Smith and the weight to be given his testimony were matters exclusively for the trial court.

Ferguson, on August 8, at Amboy, did not have Smith's account or the wagon account with him. Smith was then operating a store at Rochester and was in a hurry to go there, and, according to his testimony, rather than wait until Ferguson could get the account from Indianapolis, he gave him the blank note signed by himself and Stout, with the understanding that it should cover only the wagon account. Ferguson testified the wagon account was not mentioned. However this may be, it could not, under the circumstances, as to the note, change the status of Stout. Assuming that Smith might have authorized appellee's representative to do that which he might have done—a mere clerical act—it certainly cannot be taken to give appellee more authority than that possessed by Smith. Section 14, *supra*, is not ambiguous. While it gives the

person in possession of an instrument or note wanting in a "material particular," as here, *prima facie* the right to fill the blanks, yet the authority so to do "as against any person who became a party thereto before they were filled, is limited to the insertion of such things as were contemplated by the parties when the instrument was executed." *Schnitzer* v. *Kramer* (1915), 268 Ill. 603, 109 N. E. 695. Most of the states have what is known as a "uniform Negotiable Instrument Law," and we might reasonably expect uniformity in the decisions of the courts on questions involving this law, but the decisions disclose a considerable diversity of opinion, principally in cases involving the holder of the instrument in due course. But the instant case presents no such controversy. The precise question at bar is here for the first time. While our Negotiable Instrument Law in many respects retains principles previously established by the Law Merchant, yet, in respect to the filling of blanks essential to make the instrument negotiable, authority so to do has been restricted to the agreement of the parties at the time of signing. This law, we might say, furnishes a penalty for failure to act in accordance with the authority given by withholding enforcement of such instrument against any person who becomes a party thereto prior to its completion. Appellee, on receiving the note, wanting in the particulars necessary to its negotiability, was put upon inquiry as to the authority of Smith to complete the note, regardless óf what Smith may have said at the time of its delivery to appellee's agent. *Tower* v. *Stanley* (1914), 220 Mass. 429, 436, 107 N. E. 1010; *Hartington Nat. Bank* v. *Breslin* (1910), 88 Nebr. 47, 128 N. W. 659, 31 L. R. A. (N. S.) 130, Ann. Cas. 1912B 1008; *Exchange Bank* v. *Robinson* (1915), 185 Mo. App. 582, 585, 172 S. W. 628; *Vander Ploeg* v. *Van Zuuk* (1907), 135 Iowa 350, 112 N. W. 807, 13 L. R. A. (N. S.) 490, 124 Am. St. 275; *Equitable Trust*

*Co.* v. *Lyons* (1911), 72 Misc. Rep. 49, 129 N. Y. Supp. 79; *Schnitzer* v. *Kramer, supra.*

The trial court, in finding the amount appellee should recover, proceeded upon the theory that the note for the full amount was unenforceable, but, to the extent ■ —wagon account—authorized by Stout, it was enforceable. The act, §14, *supra,* does not justify the construction evidently placed upon it by the court below, and hence the finding was contrary to law.

Judgment reversed, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.