133 So.2d 250

**WEST SURBURBAN MOTOR SALES**

**v.**

**J. A. HARVEY.**

**6 Div. 749.**

Supreme Court of Alabama.

Sept. 21, 1961.

Clark E. Johnson, Jr., Albertville, for appellant.

595

Jack Martin Bains, Oneonta, for appellee.

MERRILL, Justice.

The question for decision may be stated thusly: Is the signer of a check, blank except for signature, liable to the payee of the check when the signer delivered it to another with the authority to fill it out for a sum not exceeding $500, and that party fills out the blanks and inserts the sum of $1,350, in the presence of an agent of the payee, but neither the agent nor the payee has knowledge of the $500 limitation.

There is no material dispute as to the facts. Appellee, defendant below, agreed to lend one Donald Gibbs up to $500 with which to purchase a used car. He gave Gibbs the check, signed in blank, and instructed him that it was not to be filled out for more than $500, and that it would not be honored by his bank if it exceeded $500. At that time, the bank was under appellee's instructions not to pay any of his checks exceeding $500 without securing his approval.

Appellee was not in any partnership with Gibbs, and his only interest in the matter was the return of the amount of the check together with $12 interest.

Gibbs went to Chicago, Illinois, called at appellant's place of business, and after some negotiations, agreed to buy a 1954 Ford station wagon for $1,350. He filled out the check in the presence of an agent of appellant, took the automobile and left.

Appellee stopped payment on the check and appellant filed suit on the check. Verdict and judgment were in favor of appellee. A motion for new trial, containing grounds argued in brief on appeal, was overruled.

This case is governed by Tit. 39, § 18, Code 1940, which reads:

"Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time."

The absence of the date and the amount were "material particulars." See Tit. 39, § 121.

The first sentence of § 18, applied here, clothed Gibbs with the prima facie authority to fill the blanks. The second sentence

**596**

clothed him with prima facie authority to fill the check out for any amount. But the third sentence requires that it must be filled up strictly in accordance with the authority given by the signer.

While § 18 gives the person in possession of the instrument prima facie authority to fill the blanks, yet the authority so to do "as against any person who became a party thereto before [the blanks] were filled, is limited to the insertion of such things as were contemplated by the parties when the instrument was executed." Stout v. Eastern Rock Island Plow Co., 202 Ind. 517, 176 N.E. 844, 845, 75 A.L.R. 1386; Kramer v. Schnitzer, 268 Ill. 603, 109 N.E. 695.

Since appellant took the check with notice that Gibbs, and not the maker, had filled the blanks, it was up to appellant to ascertain the real authority of Gibbs before it could enforce the payment of the check against appellee. Stout v. Eastern Rock Island Plow Co., supra. See Annotation, 75 A.L.R. 1389.

■ We are not concerned here with the fourth or final sentence of § 18. Appellant was not a holder in due course. In the Stout case, supra, the court said: "Concededly, appellee was a party to the note prior to its completion. It cannot therefore be regarded as a holder in due course." And in Wilkins v. Reliance Equipment Co., 259 Ala. 348, 67 So.2d 16, 20, we said:

"The note is not complete and regular upon its face, but a blank appears as to the time of payment. While Banks had possession of it he could have filled in the blank so as to complete its negotiable status, but for one to be a holder of such an instrument in due course the blank must be filled before it is negotiated to him. Section 18, Title 39. The blank in the note here in question has never been filled. If the note is to be considered separate from the mortgage (which it was), it would follow that Reliance is not a holder in due course. * * *"

It follows that the appellant was not entitled to the general affirmative charge, that the question was properly submitted to the jury, and no reversible error was committed in the refusal to grant a new trial.

We have not discussed the cases cited by appellant because those chiefly relied upon were decided prior to the adoption of the Uniform Negotiable Instruments Law in Alabama in 1909.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.