Fillmore H. SANFORD et al., Appellants,

v.

UNIVERSITY FEDERAL CREDIT UNION,
Appellee.

David T. HAKES et al., Appellants,

v.

UNIVERSITY FEDERAL CREDIT UNION,
Appellee.

Nos. 11317, 11318.

Court of Civil Appeals of Texas.

Austin.

June 23, 1965.

Rehearings Denied July 14, 1965.

Ashton & Smith, Austin, for appellants.

Sneed & Vine, Houghton Brownlee, Jr., Jack W. Ledbetter, Austin, for appellee.

PHILLIPS, Justice.

Inasmuch as these two cases involve the same facts and the same law applicable thereto, they were consolidated for trial and for appeal to this Court.

The University Federal Credit Union brought suit against the appellants as co-makers of two promissory notes in the amount of $5,938.69. The principal obligor on the two notes, Dr. Alfred Casteneda, is not a party to this suit.

Appellants Fillmore H. Sanford, R. K. Penny, Egidio J. Capaldi and Robert K. Young signed a blank promissory note form for Casteneda in September 1962; appellants David T. Hakes, Charles S. Watson and Donn Byrne signed a similar form for the same party in January of 1963.

Prior to the time that any of the appellants signed the blank forms and before any

of the blanks had been filled in on the forms, each appellant had an agreement with Dr. Casteneda that the amount of each note, when completed, would be materially and substantially less than that which now appears on the face of the two notes.

After securing the abovementioned signatures, Dr. Casteneda took the blank notes to the University Federal Credit Union where the blanks were then filled in by the office secretary. The amount inserted was substantially in excess of the amounts authorized by appellants, and a prior loan made by Dr. Casteneda was assumed.

Dr. Casteneda defaulted in full payment and suit was for the remaining balance.

After trial, the jury found that at the time appellants signed the notes in question they had an agreement with Dr. Casteneda that the notes would be filled in for an amount materially and substantially less than the amount that now appears on the face of the notes.

Subsequently appellants filed their motion for judgment on the special issues and appellee filed its motion for judgment. The trial court entered judgment for appellee in the amount of $2,938 on one note and $1,620.97 on the other. From this judgment appellants have appealed to this Court.

Appellants' first point of error is that of the court in disregarding the jury's findings of appellants' agreement with Casteneda that the notes would be filled in for an amount materially and substantially less than the amounts that now appear on the face of the notes; that the abovementioned findings bring the case within the provisions of the Negotiable Instruments Act, which provides that a payee not a holder in due course, to enforce an instrument signed in blank against a person who became a party thereto prior to its completion, must show that the blanks were filled in strictly in accordance with the authority given; that the filling in of an amount materially and substantially greater than the amount authorized constitutes a forgery and is unenforceable in the hands of a payee not a holder in due course.

The section of the Negotiable Instrument Law applicable to this case in Section 14 of Article 5932 Vernon's Ann.Tex.Civ. St., which is as follows:

"Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. *In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time.* But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time." (Emphasis added.)

Appellee is not a holder in due course.

There are relatively few cases on either of the points involved here probably due to the few persons who have felt inclined to sign notes in blank and there are no cases applicable to the facts at bar in Texas. However, we hold that this case is governed by a decision of the Indiana Supreme Court in Stout v. Eastern Rock Island Plow Co., 202 Ind. 517, 176 N.E. 844, 75 A.L.R. 1386.

Stout is apparently the leading case on the questions involved and presents a fact situation, for all practical purposes, the same as that here. The Court held that Section 14 of the Negotiable Instruments Law (Sec. 14, Art. 5932, V.A.T.S.) was

applicable in that in order for the payee (not a holder in due course) to enforce an instrument signed in blank against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given. And further, that such a payee, knowing that a surety thereon has signed before the insertion of any amount therein, is put upon inquiry as to the authority of the maker to complete the note, regardless of what the maker may have represented at the time of its delivery to the payee.

There is ample evidence in the record that Casteneda had the blanks filled in for substantially more than he was authorized to.

Stout also holds that the signers of a blank note, such as the appellants herein, are not liable on the note even to the extent of the amount authorized.

Britton on Bills and Notes, Sec. 84, p. 196 approves the holding in Stout. After quoting that part of Sec. 14 set out above in italics, Britton comments as follows: "To permit recovery upon the instrument upon any terms by a holder not in due course would be enforcing the instrument to that extent—but it is just this that the statute forbids. It would seem therefore that the quoted provision should be construed just as if it read: 'an instrument issued in incomplete form when filled up in excess of authority is void in the hands of a holder not in due course. (Citing Stout).'" Also see Asbury Park Electric Supply Co. v. Megill, 102 N.J.Law 496, 133 A. 181.

We reverse the judgment of the trial court and render this case in that appellee take nothing by its suit.

Reversed and rendered.