EQUITABLE TRUST COMPANY OF NEW YORK v. LYONS.

(Supreme Court, Appellate Term.  May 4, 1911.)

1. BILLS AND NOTES (§ 347*)—BONA FIDE HOLDER.
　　One taking a note after maturity is not a holder in due course.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 870; Dec. Dig. § 347.*]

2. BILLS AND NOTES (§ 60*)—EXECUTION—FILLING BLANK—EVIDENCE—AUTHORITY.
　　Where a note is executed in blank, in order to enforce it against any person who becomes a party thereto before its completion, the evidence must, under Negotiable Instrument Law (Consol. Laws 1909, c. 38) § 33, show that it was filled up in accordance with the authority given; and evidence of the maker that he gave no authority to any one to fill the blank overcomes any presumption of authority arising from the fact that it was delivered in blank.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 85–94; Dec. Dig. § 60.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against John J. Lyons.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before SEABURY, BIJUR, and PAGE, JJ.

Strasbourger, Eschwege & Schallek, for appellant.

Robert E. McLear (Herbert G. McLear, of counsel), for respondent.

SEABURY, J.  This action is brought upon an instrument of which the following is a copy:

"New York, April 19/05.

"Mr. Archibald C. Haynes, 25 Broad Street, N. Y.—Dear Sir:  I hereby acknowledge having received from Mr. J. H. Pontez [and] J. J. McCoy, policy No. 1443371, being for $5,000, on my life in the Equitable Life Assurance Society.  You are authorized and requested to pay the amount of the first premium for me upon said policy in order to place the same in force from this date, and I promise to pay to you or to your order the amount so advanced, to wit, $167.60, as follows:

| | | |
|---|---|---:|
| May | 20/05 | $ 33.52 |
| Aug. | 20/05 | 33.52 |
| Oct. | 20/05 | 33.52 |
| Dec. | 20/05 | 33.52 |
| Feb. | 20/06 | 33.52 |

$167.60

"And I hereby acknowledge and declare that this premium, with interest in advance on all deferred payments, has been settled in full, in conformity with, and in no way contrary to, the laws of the state of New York, and that there is no written or verbal agreement of any kind to release me from the above obligation or any part thereof.

　　"Very truly yours,　　　　　　　　　　[Signed]　John J. Lyons."

It was stipulated upon the trial:

"That the instrument in suit was duly transferred and delivered for value by Archibald C. Haynes, the person therein named, to the Equitable

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Life Assurance Society of the United States, after maturity, and by the Equitable Life Assurance Society of the United States to the Equitable Trust Company of New York, after maturity, for value."

[1] Inasmuch as it is conceded that the note was transferred after maturity, it is plain that the plaintiff is not a holder in due course. It is not necessary, therefore, to determine whether the note in suit is negotiable. The uncontradicted evidence shows that at the time the defendant signed and delivered the instrument in suit it was signed in blank. Neither the amounts nor the time of payment were filled in. The original instrument is in form of a typewritten letter addressed to Archibald C. Haynes. The amounts and the dates of payment were written in ink. An inspection of the instrument lends credence to the testimony of the defendant that, when he signed the instrument, he signed it in blank, and that he did not authorize any one to fill it out. Under section 33c of the negotiable instrument law the person having possession of the instrument "has a prima facie authority to complete it by filling up the blanks therein."

[2] We think that the uncontradicted evidence in this case, which negatives the idea that any authority was given, was sufficient to overcome any presumption of authority which might have arisen from the fact that it was delivered in blank.

Section 33 of the negotiable instrument law (Consol. Laws 1909, c. 38) provides that:

"In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time."

No evidence at all was presented to show that the instrument was filled up "in accordance with the authority given." The denial of Haynes that he authorized the agents who induced the defendant to sign the instrument to make the representations which the defendant swears they made is singularly inconclusive, in view of the plaintiff's failure to call the agents or to account for its failure to do so. The evidence of the defendant is clear and positive that he gave no authority to fill in the blanks to any one, and he explained the circumstances under which he signed the instrument. The defendant testified that, when he signed the instrument in blank, the agents asking him to sign it told him that Haynes was trying "to get voting strength through policies," and that if he would sign it they would get a bonus, and that the defendant would get free insurance for 30 days, and if at the end of that time he wished to retain the policy another arrangement could be made as to the premiums to be paid. The defendant also testified that, when he signed the instrument in suit, he did not know what it was.

In view of the fact that this evidence was not denied, we think that the court could not properly presume that the persons having possession of the instrument had authority to complete it by filling up the blanks in it, or that the blanks were filled in "strictly in accordance with the authority given." The proof which the defendant offered, together with the corroborating circumstances, which the instrument

itself afforded was sufficient to rebut the presumption of authority which arose from the fact that the instrument was delivered in blank.

A different question would be presented if the instrument, after completion, had been negotiated to a holder in due course. Such a case is not now before us for consideration.

The unexplained failure of the plaintiff to call the agent who induced the defendant to sign the instrument, and the positive testimony of the defendant that he gave no one any authority to fill up the blanks, corroborated as it was by the appearance of the original instrument, placed the burden upon the plaintiff to show that the blanks were filled "strictly in accordance with the authority given." This burden of proof the plaintiff failed to sustain.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.