[Civ. No. 4861. First Appellate District, Division One.—February 7, 1925.]

## G. E. DOLAN, Appellant, v. CARMEL CANNING COMPANY (a Corporation), Respondent.

[1] CONTRACTS—SALE OF LABELS—COMPLIANCE WITH DESIGN—QUESTION OF FACT—FINDING—EVIDENCE—APPEAL.—In an action to recover the amount of certain labels alleged to have been sold and delivered by plaintiff's assignor to defendant, the question whether or not plaintiff's assignor delivered the labels contracted for i. e., whether they conformed to the approved design, being purely one of fact, and the evidence upon such question being

conflicting, the finding of the trial court upon the subject is controlling on appeal.

[2] ID.—PAROL EVIDENCE VARYING TERMS OF WRITTEN CONTRACT—INADMISSIBILITY OF.—When parties have entered into a written contract their rights must be controlled thereby, and in the absence of fraud or mistake all evidence of contemporaneous oral agreements on the subject matter varying, modifying, or contradicting the written agreement is inadmissible; and the mere insertion of a statement of this principle in the contract itself adds no additional force to the rule.

[3] ID.—REGISTRATION OF LABELS—EVIDENCE.—In such action, conceding that evidence of an agreement on the part of plaintiff's assignor to assist in procuring registration of the label was erroneously admitted, its admission in no manner constituted prejudicial error, where the question whether or not plaintiff's assignor had so agreed was immaterial to the question at issue, namely, were the labels as manufactured in the form prescribed by the defendant?

[4] ID.—DEFECT IN DESIGN OF PRINTED LABELS—EVIDENCE.—In such action, it was not error to permit oral evidence of the defect in the design of the labels as printed, the effect of such evidence being not to vary or change the written instrument but to show its condition when executed.

[5] ID.—ALTERATION OF OR ADDITION TO WRITING WITHOUT AUTHORITY—PAROL EVIDENCE.—The rule that a written contract may not be varied or changed by parol evidence does not exclude parol evidence to show that an alteration of or addition to the writing has been made without authority.

[6] ID.—ALTERATIONS—EVIDENCE.—Where it is claimed that an instrument in evidence fails to express the true contract or agreement of the parties by reason of alterations therein, extrinsic evidence is always admissible to prove that contention. The rule itself presupposes the existence and proof of a written contract, and that being established it cannot be varied by parol evidence.

[7] ID.—RESCISSION—REOPENING OF CASE—DISCRETION.—In such action, where the defendant had pleaded as a separate defense to the action a rescission of the contract on the ground of failure of consideration in that the labels were rendered worthless by reason of the registration legend thereon (which was printed on the labels contrary to the terms of the contract), when in fact registration was denied and the use of the design pro-

2. General rule that parol evidence is not admissible to vary, add to, or alter a written instrument, notes, 56 **Am. St. Rep.** 659; 17 **L. R. A.** 270.

5. Admissibility of parol evidence to show unauthorized alteration of writing, note, 12 **Ann. Cas.** 985. See, also, 10 **R. C. L.** 1052.

hibited, the matter of reopening the case to permit proof of this fact was within the sound discretion of the trial court.

[8] ID.—RESCISSION—RESTORATION—TIME—EVIDENCE.—In such action, there is no merit in the contention that the defense of rescission finds no support in the evidence because of the fact that the defendant dealt with the labels as though they were its own, and its offer to return the same was not seasonably made.

(1) 4 C. J., p. 883, n. 33.    (2) 22 C. J., p. 1098, n. 96.    (3) 4 C. J., p. 969, n. 56.    (4) 22 C. J., p. 1147, n. 85.    (5) 22 C. J., p. 1147, n. 82.    (6) 22 C. J., p. 1147, n. 83.    (7) 38 Cyc., p. 1360, n. 51.    (8) 35 Cyc., p. 573, n. 75.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. W. Lovey and Walter E. Dorn for Appellant.

Goldman & Altman for Respondent.

TYLER, P. J.—Action by plaintiff to recover the sum of $3,724,52 for goods alleged to have been sold and delivered to defendant.

The complaint in substance charges that plaintiff's assignor, the United States Printing & Lithograph Company, entered into a written contract with defendant for the manufacture of certain labels for which the defendant agreed to pay the amount sued for. Defendant denied the indebtedness, and as a separate and distinct defense alleged in substance that plaintiff's assignor promised and agreed to manufacture and deliver to defendant canning company some 2,500,000 sardine labels at the agreed price of $1.30 per 1,000, and promised and agreed that the labels were to contain a design of the trade name to be thereafter selected by defendant; that subsequently the lithograph company notified defendant that a certain trademark was available for registration in the patent office and prepared and delivered to defendant a sketch of the same; that defendant, upon being so informed, advised the lithograph company not to proceed with the printing of the labels until the trade-

8.  See 22 Cal. Jur. 987.

mark had been registered, as it would be necessary for the defendant in using them to have the words "Registered U. S. Patent Office" printed thereon; that thereupon the lithograph company represented to defendant that it was only a matter of a short time when the registration would be granted and that it would proceed upon its own responsibility to do the printing so that the material would be available for use as soon as the trademark was registered. Further allegations are to the effect that this was done and the product tendered to defendant company bearing the legend "Reg. U. S. Pat. Off.," but that registration was not granted, in consequence of which the labels were of no value to defendant.

At the trial, to prove his case, plaintiff offered in evidence a document in the form of a written order signed by the secretary of the defendant company and addressed to plaintiff's assignor, requesting the entry of an order and submission of proofs for approval for 2,500,000 sardine labels of a specified size and character. He also offered in evidence the design of a proposed label, upon which were written the letters "O. K.—R. J. W." Upon this design appeared the above-mentioned legend indicating its registration in the United States patent office, and it also appeared upon the labels tendered to defendant in purported execution of its order. Proof was also made that the design had been submitted to R. J. Walsh, the secretary of the company, and that he had initialed the same as evidence of his acceptance. Plaintiff then offered in evidence a printed form of label which Mr. Woods, a salesman of plaintiff's assignor, testified was in the identical form as approved by Mr. Walsh on behalf of defendant company. It further appeared in evidence that the finished product was shipped by the printer to the defendant company at Monterey, California, and at the same time samples thereof were forwarded to Mr. Walsh at his office. This officer was also a witness, and he testified in substance that upon receipt of the samples he discovered that a change had been made in the form of the label, and he immediately notified Mr. Woods of the lithograph company by telephone of his discovery, stating to him at the same time that the labels were useless to the company with the words above referred to printed thereon. Mr. Woods thereupon visited the office of

defendant and stated to Mr. Walsh in the presence of wit-
nesses that he had added the words indicating trademark
registration as the matter was pending in the patent office
and the design would be allowed and approved within a
few weeks; that if the matter was permitted to stand for a
short time it would be all right. Mr. Walsh, as an accom-
modation and for the purpose of preventing a loss, agreed
to hold the labels for a reasonable time pending the outcome
of the application. Mr. Walsh also testified that the design
which he approved did not contain the words "Reg. U. S.
Pat. Off.," but that the same had been added thereto with-
out his knowledge or consent. Other witnesses testified to
the same effect. There was also testimony to show that at
the time the design was submitted to Mr. Walsh for his ap-
proval he had requested that the lithograph company defer
the printing of the label until it had been registered, but
that Mr. Woods had replied that no prejudice could result
as the label did not contain any words indicating registra-
tion.

[1] The question whether or not plaintiff's assignor de-
livered the labels contracted for, i. e., whether they con-
formed to the approved design, was purely one of fact. It
is manifest from what we have said with reference to the
evidence upon the subject that it is controlled by the con-
flict of evidence rule. The finding of the trial court upon
the subject is therefore controlling here.

Appellant complains of the admission of oral testimony
concerning the execution of the contract contrary to its
terms.

The instrument contained a provision in substance that
its approval and acceptance being based upon certain legal
requirements, no verbal alteration or agreement between the
buyer and salesman should be binding upon the lithograph
company, and that that company was not to be held re-
sponsible for the text, size, or arrangement of any trade-
mark, copyright, or other subject matter required by law
that was printed upon the materials ordered, notwithstand-
ing that it or its representative may have been consulted
thereon. During the course of the trial oral evidence was
admitted to the effect that the lithograph company was to
assist in the procurement of the trademark for a design,

as was also oral evidence to the effect that the labels delivered did not conform to the approved design.

[2] The rule is universal that when parties have entered into a written contract their rights must be controlled thereby, and in the absence of fraud or mistake all evidence of contemporaneous oral agreements on the subject matter varying, modifying, or contradicting the written agreement is inadmissible. The mere insertion of a statement of this principle in the contract itself added no additional force to the rule.

[3] Conceding that evidence of an agreement on the part of plaintiff's assignor to assist in procuring registration of the label was erroneously admitted, its admission in no manner constituted prejudicial error. Whether or not plaintiff's assignor had so agreed was immaterial to the question at issue, namely, were the labels as manufactured in the form prescribed by the defendant? That they were not was the main defense relied upon, the defendant contending that they did not correspond to the design approved by it by reason of the added legend "Reg. U. S. Pat. Off.," which rendered them useless and without value to it. Whether the plaintiff's assignor was to assist in the procurement of the labels could in no manner affect this question. [4] Nor was it error to permit oral evidence of the defect in the design of the labels as printed. The effect of such evidence was not to vary or change the written instrument but to show its condition when executed. This evidence was pointed to the authenticity of the document itself. [5] The rule invoked does not exclude parol evidence to show that an alteration of or addition to a writing has been made without authority. [6] Where it is claimed that an instrument in evidence fails to express the true contract or agreement of the parties by reason of alterations therein, extrinsic evidence is always admissible to prove that contention (22 Cor. Jur. 1147). The rule itself presupposes the existence and proof of a written contract. That being established it cannot be varied by parol evidence. As already remarked, the evidence here complained of was directed to the point that the label as printed did not comply with the terms of the contract, inasmuch as it was not in the form approved by the defendant, differing therefrom through the

addition of the phrase indicating that the body thereof had been registered in the United States patent office as a trademark.

[7] The further claim is made that the action of the trial court in permitting defendant to reopen its case for the purpose of showing that it offered to return the goods, constituted error.

Defendant had pleaded as a separate defense to the action a rescission of the contract on the ground of failure of consideration in that the labels were rendered worthless by reason of the registration legend printed thereon when in fact registration was denied and the use of the design prohibited. The matter of reopening the case to permit proof of this fact was within the sound discretion of the trial court (*Badover* v. *Guaranty Trust Co.*, 186 Cal. 775 [200 Pac. 638]).

[8] In this connection it is also urged that the defense of rescission finds no support in the evidence because of the fact that the defendant dealt with the labels as though they were its own, and its offer to return the same was not seasonably made. There is evidence in the record to show that the defendant did use an insignificant number of the labels in an interstate shipment before it offered to return them. It further appears, however, that the shipment and use of the labels was for the purpose of satisfying the requirements of the patent office that before application for registration could be made there must be shown some use of the label in interstate commerce. There is also evidence that the delay in offering to return the labels was due to the fact that the defendant, was willing to hold them as a matter of accommodation to plaintiff's assignor until such time as the right of registration was definitely determined. Defendant did, however, offer to return them immediately upon discovering the alteration. There is, therefore, no merit in these contentions.

The finding of the trial court that the contract declared upon was not performed by plaintiff's assignor finds full and ample support in the evidence.

The judgment is affirmed.

St. Sure, J., and Knight, J., concurred.