[Civ. No. 660.   Fourth Appellate District.—January 13, 1933.]

M. E. BROWN, Appellant, v. MABEL BRIGHTMAN GOW,
as Executrix, etc., Respondent.

Martin J. Coughlin for Appellant.

Zach Lamar Cobb and Earl A. Littlejohns for Respondent.

JENNINGS, J.—This action was originally instituted by plaintiff against J. R. Brightman to recover a balance of $3,060.50 alleged to be due for services performed by plaintiff at Brightman's request. During the pendency of the action and prior to trial, J. R. Brightman died and the executrix of his will was substituted as the defendant in his place. The trial resulted in the rendition of a judgment in defendant's favor from which judgment plaintiff has prosecuted this appeal.

Appellant's supplemental complaint filed subsequent to Brightman's death contains four counts. In the first count the sum demanded is alleged to be due on an open book account for services rendered. The second count is based upon a mutual open and current account for services rendered. The third count is upon *quantum meruit* for services rendered. The fourth count is based upon an express contract for services performed. In support of the allegations contained in the first and second counts of the supplemental complaint appellant offered in evidence a copy of a book of account which she testified she kept and in which

she stated she had made entries showing the dates on which she had performed services for the deceased and the number of hours she had worked on each date. Objection to the admission of this evidence was interposed by respondent and was sustained. It is contended that the trial court erred in sustaining the objection and in declining to receive the evidence proffered. As above noted, the evidence consisted, not of the original book of account but of a copy which appellant testified she made prior to Brightman's death. ■ Sections 1855 and 1937 of the Code of Civil Procedure permit evidence of the contents of a writing to be given when the original has been lost or destroyed. Preliminary proof of the loss or destruction of the original is required and it is for the trial court to determine whether the evidence thus offered is or is not sufficient. The trial court's determination in this regard is conclusive unless it clearly appears that the court abused the discretion committed to it. (16 Cal. Jur., sec. 11, p. 701.) ■ The record fails to show an abuse of discretion by the court. The evidence tending to show that the original document was lost was far from satisfactory and the court was amply justified in its refusal to admit the proffered copy. Furthermore, no witness other than appellant testified as to the correctness of the entries contained in the original book. Appellant was not herself competent to testify that the entries were correct. (*Tipps* v. *Landers*, 182 Cal. 771, 776 [190 Pac. 173]; *Colburn* v. *Parrett*, 27 Cal. App. 541, 544 [150 Pac. 786].) Therefore, even if the court erred in refusing to admit the copy, no harm resulted therefrom in the absence of competent evidence showing that the entries in the original book were correct.

■ Appellant's principal contention relates to the sufficiency of the evidence to sustain the court's finding that no part of the sum claimed is due. The record shows that appellant was employed by the deceased in a store operated by him in the city of Redlands. Her employment extended over a term of several years, which may be divided into two periods, the first covering the years from 1923 until 1925 and the second from 1926 until some time in the month of August, 1929. There was no contention that the deceased owed appellant any amount for the first period since it was shown that when her employment ceased in 1925 the de-

ceased owed her the sum of $500 which was paid by a check containing the statement that it was given in full payment of all demands to date. With reference to the second period comprising the years from 1926 to 1929 it is urged that the uncontradicted evidence showed that during the month of November, 1929, and subsequent to the institution of this action, J. R. Brightman admitted that he was indebted to appellant to the extent of about $3,000. Evidence to this effect was produced by appellant. To meet this evidence respondent produced a receipt dated June 16, 1930, which is in the following language: "Received of J. R. Brightman ten dollars payed in full up to date. $10.00. Mrs. M. E. Brown." Appellant admitted signing this receipt but testified that it was given by her to cover rental of a room occupied by Brightman. It was for the trial court to determine whether or not appellant's testimony in this regard was true. The language of the receipt is sufficiently broad to indicate that it amounted to a written acknowledgment that payment in full of all demands had been made. It is now the rule that a receipt is evidence of a high order which is entitled to prevail unless overcome by clear and satisfactory evidence. (20 Cal. Jur., p. 954.) We cannot say that the trial court was without warrant in refusing to accept appellant's explanation of the receipt given more than six months after the time when, according to appellant's witnesses, he admitted that he owed appellant about $3,000, and in preferring to consider that the receipt meant what it stated, i. e., that full payment of all demands of appellant up to the date of the receipt had been made.

It is further contended that the burden of showing payment rested upon respondent and that this burden was not successfully maintained. Irrespective of the above-mentioned receipt we are of the opinion that the contention is not well taken. It was shown by evidence which is uncontradicted that on two different occasions appellant admitted that she had received full payment for her services up to the date of such admissions. The first of these admissions occurred on March 27, 1927, when an attempt was made by a constable to garnish wages due appellant at which time she stated to Brightman: "You do not owe me anything." The second admission occurred on January 13, 1928, when an

attempt was made to levy a writ of execution upon wages due appellant at which time appellant stated that she had drawn her wages in advance. From this uncontradicted evidence the court was justified in finding that nothing was due to appellant from Brightman on January 13, 1928. Respondent further produced in evidence a series of checks drawn by Brightman during the year 1928 payable to appellant and bearing her indorsement. These checks totaled $855. Eight additional checks each for $60 drawn by Brightman during the year 1928 payable to appellant and bearing her indorsement were admitted in evidence and one other check for $100 dated June 2, 1930, drawn by Brightman payable to appellant and bearing her indorsement was also received in evidence. Appellant herself testified that the last-mentioned check was given her on account of her services. This evidence warranted the court in finding that full payment for such services had been made.

It appears that appellant contends that the canceled checks drawn by the deceased in favor of appellant and bearing her indorsement were not properly admitted in evidence. This contention cannot be sustained. A paid bank check, payable to the order of the creditor and indorsed by him, is admissible as evidence of payment. (*Light* v. *Stevens,* 8 Cal. App. 74, 77 [103 Pac. 361].)

The contention is also made that the findings are fatally defective in failing to find what amount was paid by the deceased to appellant for the services rendered by her, so that a reviewing court might determine whether the amount paid was fair compensation for such services. This contention likewise is without merit. In view of the issues raised by the pleadings and the evidence presented by the record the trial court was not required to find specifically what amount had been paid by the deceased to appellant. The record clearly shows the amount that was paid to appellant subsequent to January 13, 1928, and there was evidence that appellant had admitted that she had drawn all wages due her for services performed prior to said date. It is the rule that findings are sufficient if they can be made certain by reference to the record. (24 Cal. Jur., p. 964; *Kennedy etc. Co.* v. *S. S. Const. Co.,* 123 Cal. 584 [56 Pac. 457].) Application of this rule indicates that the find-

ings of the trial court are not vulnerable to appellant's attack.

For the reasons stated the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 13, 1933.