[Civ. No. 12269. Second Appellate District, Division Two.—May 10, 1940.]

MARK B. WHITE, Respondent, v. ORRIN A. WHITE, Appellant.

Arthur J. Mullen, Raymond Tremaine and Franklin L. Knox, Jr., for Appellant.

. T. W. Ward and Brooks Gifford for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover the amount due upon a promissory note, defendant appeals.

These are the essential facts:

August 14, 1924, defendant signed and delivered to plaintiff a promissory note in the sum of $2,000. At the time of delivery plaintiff was named as payee in the note, but the space for the insertion of the due date was left blank. In March of 1938, plaintiff filled in the blank with the words "10 years", thus making the maturity date of the note ten years after date.

Defendant relies for reversal of the judgment on these propositions:

*First: The trial court committed prejudicial error in permitting a witness to give testimony as to the contents of a lost document, for the reason that a sufficient foundation had not been laid for the admissibility of the testimony.*

*Second: Plaintiff was without authority to insert into the note the words "ten years".*

*Third: Even if plaintiff had authority to fill in the blank left in the note, it was not filled in within a reasonable time after the delivery of the note.*

*Fourth: The Statute of Limitations (subd. 1, sec. 337, Code Civ. Proc.) has barred any right of action that plaintiff might have had predicated upon the note.*

█ The first proposition is untenable. John L. Mason was called as a witness on behalf of plaintiff and testified that in 1924 he was employed as bookkeeper and cashier for Hanover Woolen Manufacturing Company, of which plaintiff was general manager, and that in the course of his duties he read the correspondence between plaintiff and defendant relative to the note which is the subject of dispute here. He testified that he read a letter written by defendant to plaintiff and placed it in the personal file of plaintiff where it remained until destroyed, when the Hanover Woolen Manufacturing Company was placed in receivership. He further testified that he had endeavored to locate the letter but without success. He was then permitted over objection to testify that the letter in substance which defendant had sent to plaintiff requested a loan of $2,000 which would have to run for a long term. He further testified after identifying the note which

is the basis of the suit that a letter in defendant's handwriting accompanied the note, stating that he would be unable to commence paying on the note until such time as he had repaid a building and loan obligation and that this would require at least ten years. The admission of this testimony was proper.

█ The rule is established in California that the sufficiency of the preliminary proof of the loss of a document before testimony as to its contents is received is addressed to the sound discretion of the trial judge (*Kenniff* v. *Caulfield*, 140 Cal. 34, 41 [73 Pac. 803]), and that the determination of the trial judge that substantial evidence has been introduced to show the loss or destruction of the original document will not be disturbed by an appellate court, in the absence of a showing that the proof of loss or destruction was manifestly insufficient (*Kenniff* v. *Caulfield*, supra, p. 42; *Brown* v. *Gow*, 128 Cal. App. 671, 673 [18 Pac. (2d) 377]).

The record in the instant case fails to show an abuse of discretion on the part of the trial judge. On the contrary the testimony of the witness Mason was substantial evidence of the destruction of the document as to the contents of which he testified.

█ The second proposition is likewise untenable. The law is established in California that when an instrument is delivered which contains a blank, the person in possession thereof has *prima facie* authority to complete it by filling in the blank. Such an instrument, however, when completed may be enforced against any person who became a party thereto prior to its completion only when the blank has been filled in strictly in accordance with any authority given and within a reasonable time. (Sec. 3095, Civ. Code. See, also, 1 Cal. Jur. (1921), sec. 18, p. 1084, and 1 Cal. Jur. Ten-year Supp. (1936), p. 259, sec. 18.)

█ Applying the foregoing rule to the facts of the instant case, it appears that plaintiff had the *prima facie* authority to fill in the blank left in the promissory note by defendant and further that such completion of the instrument was done strictly in accordance with the authority given by defendant, because from the testimony of witness Mason the inference is reasonably drawn that in the letter which defendant sent to plaintiff accompanying the note he stated that he would be unable to commence paying on the note until

such time as he had repaid a building and loan obligation, which would require at least ten years.

■ The third proposition is likewise without merit. A blank in a negotiable instrument must be completed within a reasonable time (sec. 3095, Civ. Code). The determination of the question what is a reasonable time depends upon the facts of each particular case (*Keyes* v. *Fenstermaker*, 24 Cal. 329, 332), and the trial court's determination that the blank has been completed within a reasonable time will not be disturbed on appeal if there is substantial evidence to sustain such finding (8 Cor. Jur. (1916), p. 188, sec. 319; *Cassetta* v. *Baima*, 106 Cal. App. 196, 200 [288 Pac. 830]). In the present case there was substantial evidence to sustain the trial court's finding that the blank had been filled in within a reasonable time, since the evidence shows that the blank was filled in before the present action was commenced, February 25, 1938. It has been held that insertions may be made during the trial of a cause and be within a reasonable time. (*Cassetta* v. *Baima, supra,* p. 200.)

■ Defendant's final proposition is without merit. The note was executed August 14, 1924, due ten years thereafter, to wit, August 14, 1934. The four year statute of limitations (subd. 1, sec. 337, Code Civ. Proc.) was applicable, thus making August 14, 1938, the date upon which the statute of limitations would have run. However, the present action was commenced February 25, 1938, which thus was within ample time.

For the foregoing reasons the judgment appealed from is affirmed.

Moore, P. J., and Wood, J., concurred.