[L. A. No. 21207. In Bank. Mar. 10, 1950.]

ALLEN DALE SMITH, Respondent, v. RUSS LAGER-STROM et al., Appellants.

Vincent Wood and Gordon M. Snyder for Appellants.

Canfield & Westwick for Respondent.

EDMONDS, J.—The appeal from a judgment upon a directed verdict in favor of Dale Smith, the payee of a promissory note, presents for decision only the question as to the admissibility of certain excluded evidence offered by the makers of the instrument.

Admittedly, when the note was delivered, it was in the following form:

"$6,000.00                              January 3, 1947

_____after date we promise to pay to the order of Allen Dale Smith Six Thousand no/100 Dollars at_____.
Value received with interest at the rate of_____ per annum.

/s/   RUSS LAGERSTROM
/s/   MARJORIE LAGERSTROM"

Smith testified that when he received the note he filled in the three blanks with the following words, respectively: "On demand"; "Santa Barbara, California"; and "seven per cent."

By answer to a complaint upon a cause of action for failure to pay the amount due upon the note, the Lagerstroms generally denied the allegations of Smith and also set up the affirmative defense that he had no authority to add to it the words "on demand." They assert that Smith was authorized only to make the note payable from the profits of the "Seven Seas Restaurant," and they unsuccessfully offered evidence in support of the issue tendered by their pleading. The adverse ruling sustained the objection of Smith that such evidence would violate the parol evidence rule.

The Lagerstroms seek a reversal of the judgment against them upon the grounds that the trial court abused its discretion in denying the motion made during the trial for leave to amend their answer to plead an affirmative defense of fraud

in the procurement of the note. They also contend that under section 3095 of the Civil Code (Negotiable Instrument Law, § 14) they were entitled to introduce evidence as to the limited authority of Smith to add to the terms of the note as executed by them. Another point urged is that there is a fatal variance between the incomplete note pleaded in *haec verba* and the completed one introduced in evidence.

In support of the judgment, Smith argues that the trial court acted within its discretion in denying the motion to amend during the trial. His position is that the terms of a promissory note can no more be varied by parol evidence than the terms of any other written agreement. As he analyzes the rights of the parties, the differences between the note pleaded in *haec verba* in the complaint and the note introduced in evidence do not constitute a material variance. He declares that if he had left the instrument in the form in which it was delivered to him he could have recovered upon it. For that reason, he says, the effect of the note was not changed by the additions in the blank spaces of the place and time of payment and the rate of interest to be charged.

Section 3095 of the Civil Code (N.I.L., § 14) provides:

"Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time."

A promissory note to which terms have been added in excess of authority is void in the hands of a holder not in due course. (*Stout* v. *Eastern Rock Island Plow Co.*, 202 Ind. 517 [176 N.E. 844, 75 A.L.R. 1386]; Britton, Bills & Notes, § 84, pp. 331, 332.) "The law is established in California that when an instrument is delivered which contains a blank, the person in possession thereof has *prima facie* authority to complete it by filling in the blank. Such an instrument, however, when completed may be enforced against any person who became a party thereto prior to its completion only when the blank has been filled in strictly in accordance with any authority given and within a reasonable time." (*White* v.

*White*, 39 Cal.App.2d 57, 60 [102 P.2d 432], citing Civ. Code, § 3095; 1 Cal.Jur. [1921] § 18, p. 1084, and 1 Cal.Jur. 10-Yr. Supp. [1936] § 18, p. 259.) "A blank in a negotiable instrument must be completed within a reasonable time (sec. 3095, Civ. Code). The determination of the question of what is a reasonable time depends upon the facts of each particular case . . . and the trial court's determination . . . will not be disturbed on appeal if there is substantial evidence to sustain such finding. . . ." (*White* v. *White, supra*, at p. 61.)

In accordance with that rule, the parol evidence offered by the Lagerstroms would, if believed by the trier of fact, render the note unenforceable by Smith. To that extent, therefore, evidence as to restrictions upon the authority of the payee to complete a note by specifying terms or conditions not placed in it by the maker is admissible for the purpose of showing the extent of that authority, regardless of the fact that such evidence may tend to contradict the terms implied in the instrument by law. (*White* v. *White, supra*; *Dolan* v. *Carmel Canning Co.*, 71 Cal.App. 197, 202 [234 P. 926]; *Equitable Trust Co.* v. *Lyons*, 72 Misc. 49 [129 N.Y.S. 79]; *Tremont Trust Co.* v. *Noyes*, 246 Mass. 197, 206 [141 N.E. 93].)

If the proffered evidence showed that Smith was authorized only to make the note payable from profits of the "Seven Seas Restaurant," he cannot recover upon the ground that he might have enforced the note in its original form.

If by the agreement of the parties, the time and manner of payment of the note was restricted to the proceeds of a particular fund, their failure expressly to state that requirement gave Smith no right to place a different condition in a blank space in the instrument.

It would be anomalous to hold that a maker is prevented by the parol evidence rule from introducing evidence tending to show lack of authority to add to a note, where the statute (Civ. Code, § 3095) expressly provides that the delivery of the instrument in incomplete form is only ". . . prima facie authority to complete [a note] by filling up the blanks. . . ." The use of the term "prima facie" contemplates the admission of evidence tending to prove the contrary. Were it otherwise, the statute would have used the words "conclusive presumption" or some similar term. The Legislature further qualified the power to add terms or conditions by providing that the payee has prima facie permission to complete the note only if he acts "strictly in accord-

ance with the authority given and within a reasonable time.'' Only by evidence directed to the issue as to the extent of the authority given can a trial court determine whether the blanks were filled ''strictly in accordance with the authority given. . . .''

The judgment is reversed.

Gibson, C. J., Shenk, J., Carter J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—On its face the instrument was a complete and unconditional contract; it does not appear to have been ''wanting in any *material* particular'' (see Civ. Code, § 3095) when it was delivered. The respondent, therefore, was not authorized to fill in any blanks or to alter such instrument in any way. The additions made by him were entirely immaterial and, being both unauthorized and immaterial, should be disregarded.

The majority holding, reduced to headnote concision, means this: the maker of a promissory note when sued for payment may plead and prove that, notwithstanding its prima facie unconditional terms, the instrument·is in truth payable only from a special fund; i.e., even though the instrument on its face is a complete and unconditional contract to pay money, the maker may show that there was an oral agreement by the payee to add to the note a provision making it payable only from a particular fund.

This ruling, like that of the majority in *Simmons* v. *California Institute of Technology* (1949), 34 Cal.2d 264 [209 P.2d 581], is inconsistent with the earlier views on parol evidence exemplified by *Lindemann* v. *Coryell* (1922), 59 Cal. App. 788 [212 P. 47]. See also the dissent in the Simmons case, pages 290, 291 of 34 Cal.2d.

In my opinion the trial court properly excluded the oral evidence offered to alter the written instrument in the particular above related, and I would affirm the judgment.