652

[Civ. No. 4565.   Fourth Dist.   Mar. 11, 1953.]

ELBERT, LTD. (a Corporation), Appellant, v. NETTA SEMERAD et al., Respondents.

[Civ. No. 4566.   Fourth Dist.   Mar. 11, 1953.]

ELBERT, LTD. (a Corporation), Appellant, v. JACK DAREMES et al., Respondents.

John F. Bender and Gizella M. Allen for Appellant.

Solon S. Kipp and W. E. Starke for Respondents.

MUSSELL, J.—These actions are for partition of real property in San Diego County and were brought pursuant to section 752 of the Code of Civil Procedure. The plaintiff claims title through the foreclosure of street improvement bonds and defendants claim the property by tax deeds to the State of California and from the State of California to the defendants.

It was stipulated at the trial that the court could render the same decision in each of said cases as the evidence would be identical except for the amount of the equitable liens owned by each of said parties in the event the court ordered judgment of partition.

The trial court found that plaintiff is not the owner of an equitable lien, or other lien, affecting the property involved; that plaintiff's predecessor in interest, M. Blakesley, now known as Mrs. Mary Jones, lost all interest in the property by her disclaimer and the subsequent judgment against her in case No. 148180, entitled *Semerad* v. *McKee et al.*, in said court, and that defendant Netta Semerad is the owner in fee and entitled to the possession of the property. Plaintiff appeals from the judgment entered against it in accordance with these findings.

Plaintiff contends that it has title to the property involved by foreclosure of delinquent street improvement bonds, commissioner's sales thereof to one M. Blakesley, assignments of said commissioner's certificates of sale to Pacific States Savings and Loan Company, and deeds from said Pacific States Savings and Loan Company to Western Housing Company and from Western Housing Company to plaintiff.

On June 24, 1931, a decree of foreclosure and sale was rendered by the Superior Court of San Diego County and a commissioner was appointed to sell the property involved. The returns of the commissioner show that M. Blakesley pur-

chased the property at the sales. However, no certificates of such sales were recorded and the original certificates were not produced or introduced in evidence at the trial of the instant action. Mrs. Mary Jones, formerly M. Blakesley, testified that the commissioner in said foreclosure action executed and delivered to her commissioner's certificates of sale, all as recited in the returns of sale and that when she received the same, which was in the latter part of 1930, she made and executed written assignments thereof, attached the same to the certificates and delivered them to the Pacific States Savings and Loan Company and that she had not seen the certificates or assignments since 1930.

In an effort to prove the assignments and a transfer of title to Pacific States Savings and Loan Company, Gizella Allen and John F. Bender, attorneys for plaintiff, testified as to a search made by them for the necessary certificates and assignments. The former testified that she examined the files in the foreclosure action in the recorder's office and that she was unable to find recordation of the certificates or commissioner's deeds to Pacific States Savings and Loan Company. She also testified as to conversations had by her with an officer of Pacific States Savings and Loan Company and with an officer of Western Housing Company. This evidence was stricken out by the court on motion for counsel for defendants. Mr. Bender testified that he had checked all of the insolvency proceedings of the Pacific States Savings and Loan Company and all of the commissioner's records in respect thereto and was unable to locate any reference whatsoever as to any commissioner's certificates or deeds involving the property.

This evidence was sufficient to support the trial court's implied findings that secondary evidence was not admissible to prove a transfer of title to Pacific States Savings and Loan Company. (*Anthony* v. *Janssen,* 183 Cal. 329, 332 [191 P. 538] ; *Taylor* v. *Clark,* 49 Cal. 671, 672.) It was for the trial court to determine whether the evidence in this connection was or was not sufficient and its determination is conclusive in the absence of an abuse of discretion. (*Brown* v. *Gow,* 128 Cal.App. 671, 673 [18 P.2d 377].) Here, no abuse of such discretion is apparent.

Plaintiff introduced in evidence a quitclaim deed, dated November 29, 1938, from Pacific States Savings and Loan Company to Western Housing Company and a deed

dated December 8, 1947, from Western Housing Company to plaintiff. These deeds did not convey the property to plaintiff because of the break in the chain of title to Pacific States Savings and Loan Company. Plaintiff introduced in evidence a quitclaim deed, dated October 9, 1950, from Mary Jones, formerly M. Blakesley, to Pacific States Savings and Loan Company. However, on August 12, 1948, the defendants herein filed an action to quiet title affecting all of the property here involved. In that action Mrs. Mary Jones, on February 14, 1949, filed a disclaimer, and judgment was obtained by defendants quieting their title as against her. This judgment eliminated M. Blakesley from the title and she conveyed nothing by her quitclaim deed to Pacific States Savings and Loan Company dated October 9, 1950.

Under the evidence presented, the trial court was correct in finding that plaintiff is not the owner of an equitable or other lien upon the property. The evidence was sufficient to support the trial court's judgment that defendant Netta Semerad is the owner in fee and entitled to the possession of the property involved.

Judgments affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 9, 1953, and appellant's petition for a hearing by the Supreme Court was denied May 7, 1953.